

June 30, 2025

**VIA ECF & VIA EMAIL**
Honorable Ramon E. Reyes, Jr.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    Re:    *Pennsylvania Higher Education Assistance Agency v. Golden*, Case No. 1:25-mc-02069-RER; *Nelnet Servicing, LLC v. Golden*, Case No. 1:25-mc-02070-RER; *National Collegiate Student Loan Trust 2006-4 et al. v. Golden*, Case No. 1:25-mc-02071-RER

Dear Judge Reyes,

    We represent Plaintiff-Appellee in the above-entitled matters.

    We respectfully request an opportunity to address the relevance to this action of the Supreme Court's decision in *Trump v. CASA, Inc.*, No. 24A884, 221 L.Ed. 658, 2025 WL 1773631 (June 27, 2025) recently decided and extensively discussed in Movants' reply briefs filed on June 27, 2025. Because the *Trump* decision was not issued until after Plaintiff-Appellee filed her opposition brief, we did not have an opportunity to address it.

    The *Trump* decision has no relevance to this action. In *Trump*, the Court answered, at least tentatively, the question of "whether Congress has granted federal courts the authority to universally enjoin the enforcement of an executive or legislative policy." 2025 WL 1773631, at *6. Obviously, that question has nothing to do with this action. Moreover, the Supreme Court was careful to distinguish the so-called universal injunction from injunctions issued in class actions, which appropriately may apply to all the parties and all class members. *Id.* at *11-12. Further, the *Trump* decision affirms the appropriateness of preliminary injunctive relief in class action cases. *See id.* at *22, 25 (Kavanaugh, J., concurring). The present appeal before Your Honor concerns preliminary injunctive relief in an actual class action. Thus, the holding in *Trump* lends no support to Movants' arguments.

    Movants attempt to wedge this case into the ambit of *Trump* by arguing that Judge Stong erred in issuing a preliminary injunction before certifying the class. But that argument only serves to illustrate the inappropriateness of granting appellate relief now. Judge Stong has before her an already-argued motion for class certification and has indicated to the parties that she intends to issue the decision on that motion in the near future. Yet, in their motion papers, Movants raise several arguments only directed at the definition of the class.



Hon. Ramon E. Reyes, Jr.
June 30, 2025
Page 2 of 2

      Moreover, as noted in Plaintiff-Appellee's brief in opposition to the motion for leave to appeal, a court has wide discretion to grant injunctive relief before class certification where the circumstances merit such relief. *See* 1:25-mc-02070-RER, Dkt. No. 3 (June 18, 2025) at 22-23; *see also* Adv. Pro. No 1-17-01005-ess, Dkt. No. 267, (Aug. 5, 2020) (letter to the Court explaining that courts have wide-discretion to grant preliminary injunctive relief prior to class certification). Whether or not the Bankruptcy Court properly issued the injunction here is not a question of pure controlling law which needs immediate review, but rather, is a question directly implicating the specific facts unique to this case.

                                                        Respectfully submitted,

                                                        /s/ *George F. Carpinello*
                                                        George F. Carpinello

cc via ECF: All counsel of record