# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

_____

№ 25-MC-02069 (RER); № 25-MC-02070 (RER)
№ 25-MC-02071 (RER); № 25-CV-05849 (RER)

_____

PENNSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY;
NELNET SERVICING, LLC; NATIONAL COLLEGIATE STUDENT LOAN
TRUST 2006-4; GS2 2016-A; AND FIRSTMARK SERVICES LLC

VERSUS

TASHANNA B. GOLDEN

_____

**MEMORANDUM & ORDER**

**CERTIFICATION OF APPEAL**

_____

**RAMÓN E. REYES, JR., District Judge:**

Before the Court there are four related cases, all arising out of an adversary proceeding in a single Chapter 7 bankruptcy.[1] In that adversary proceeding the Bankruptcy Court _preliminarily_ enjoined and restrained the debtor's and putative class creditors from: (1) "taking any acts to collect on [student] loans that exceed the cost of

---

[1] _See Golden v. Firstmark Services LLC et al_, 17-01005-ess (Bankr. E.D.N.Y.). The cases here are No. 25-MC-02069, No. 25-MC-02070, and No. 25-MC-02071, which originate in different defendants' motions for leave to appeal the same preliminary injunction in the adversary proceeding. No. 25-CV-05849 is defendant Pennsylvania Higher Education Assistance Agency's amended motion for leave to appeal a subsequent contempt order in the same case. As defendants' arguments overlap, reference, or incorporate one another's points, and plaintiff was granted leave to file a single consolidated brief in the three miscellaneous cases, the Court addresses the four cases collectively, but cites to the separate papers as necessary. Though the Court considered all the parties' arguments, to the extent that any are not addressed in this Memorandum, they are rejected as unpersuasive.

attendance as defined by Internal Revenue Code § 221(D)" and "graduation loans incurred to pay for living expenses while pursuing professional licensure, that are held by Ms. Golden and the Putative Class Members, as the class is described in the Amended Complaint, that have an outstanding balance subject to collection," *In re Golden*, 671 B.R. 544, 637 (Bankr. E.D.N.Y. 2025) ("May 7, 2025 Order"); and (2) expanding that restraint to include loans for which the servicer "is not able presently to determine that a loan, together with other scholarships, loans and grants, does not exceed the cost of attendance until [the servicer] has established that the criteria necessary to exclude a loan from the scope of the injunction have been met," *Golden*, 17-01005-ess, ECF No. 782, (*see also* 25-cv-05849, ECF No. 1-1, Ex. A ("October 8, 2025 Order")). Ms. Golden's creditors—Pennsylvania Higher Education Assistance Agency ("PHEAA"), National Collegiate Student Loan Trust 2006-4 and GS2 2016-A (collectively, "The Trusts"), and Nelnet, d/b/a Firstmark ("Firstmark")—each move for leave to appeal the May 7, 2025 Order. PHEAA also amended its motion for leave to appeal to include the October 8, 2025 Order, and for a stay of the preliminary injunction during appeal.

After carefully reviewing the record, and for the reasons set forth herein, all pending motions for leave to appeal are DENIED without prejudice. In that context, PHEAA's motion to stay is DENIED as moot. However, because the requirements of either 28 U.S.C. § 1292(b) or 28 U.S.C. § 158(d)(2)(A) are met, the Court certifies the Bankruptcy Court's May 7, 2025 and October 8, 2025 Orders for interlocutory appeal to the United States Court of Appeals for the Second Circuit.

### BACKGROUND

Familiarity with the facts and extensive procedural history of this case is assumed. The background necessary for this Memorandum and Order is as follows: Tashanna Golden ("Golden" or "Plaintiff") filed for Chapter 7 bankruptcy in 2016, resulting in a discharge. (25-mc-02069 ECF No. 1-2 ("PHEAA App. Mem.") at 335).[2] That same year, the Bankruptcy Court granted a motion to reopen the case to permit Golden to seek a determination on the dischargeability of her student loan debt. *See In re Golden*, No. 16-40809-ess, ECF No. 1 (Bankr. E.D.N.Y.). The question of dischargeability concerned two of Golden's loans: one private loan for $7,103, now serviced by PHEAA, that she obtained as a law student, and a second private loan for $11,000, now serviced by Firstmark, that Golden obtained before she graduated to cover living expenses while she studied for the bar exam. (PHEAA App. Mem. at 335; 25-mc-02069 ECF No. 4 ("App. Opp'n") at 12). On January 17, 2017, Golden commenced an adversary proceeding against the loan servicers, adding additional defendants and bringing her claims on behalf of a putative class. See *Golden v. Firstmark Services LLC et al*, 17-01005-ess (Bankr. E.D.N.Y.). The additional defendants included other loan servicers, and one loan owner, but not the 258 other owners of relevant loans borrowed by putative class members. (PHEAA App. Mem. at 334). In 2020, Golden filed her initial motion for preliminary injunction and class certification. *Golden*, 17-01005-ess, ECF No. 254. In 2023, Golden filed a superseding motion for preliminary injunction and class certification, consisting of:

> Individuals who received private loans owned, held, or serviced by Defendants which were not within the cost of attendance at Title IV

---

[2] Page references throughout are to the page numbers delineated in the headings of the ECF filings.

institutions as defined in 26 U.S.C. § 221(d); who obtained bankruptcy discharges after October 17, 2005; who were subsequently subjected to Defendants' acts to collect on the loans; and who have not reaffirmed their loans.

*Id.*, ECF No. 620. After the Second Circuit determined that a bankruptcy court may not certify a nationwide contempt class,[3] Golden dropped her request for such a class, only seeking declaratory and injunctive relief on behalf of herself and the putative class. *In re Golden*, 671 B.R. 544, 565.

The Bankruptcy Judge granted the preliminary injunction on May 7, 2025, enjoining the creditors "from taking any acts to collect on loans that exceed the cost of attendance as defined by Internal Revenue Code § 221(D), irrespective of whether those loans were guaranteed by TERI,[4] that are held by Ms. Golden and the Putative Class Members, as the class is described in the Amended Complaint, that have an outstanding balance subject to collection," and "from taking any acts to collect on post-graduation loans incurred to pay for living expenses while pursuing professional licensure, that are held by Ms. Golden and the Putative Class Members, as the class is described in the Amended Complaint, that have an outstanding balance subject to collection". *In re Golden*, 671 B.R. 544, 637 (Bankr. E.D.N.Y. 2025).

On May 22, 2025, four defendants filed motions for leave from this Court to appeal the preliminary injunction. (25-mc-02069 ECF No.1, PHEAA App. Mem; 25-mc-02070 ECF No. 1, 1-2; 25-mc-02071 ECF No. 1, 1-2). Golden opposed the motions in a

---

[3] *See Bruce v. Citigroup Inc.*, 75 F.4th 297, 306 (2d Cir. 2023) ("A bankruptcy court's civil contempt authority does not extend to other bankruptcy courts' discharge orders in a nationwide class action.").

[4] TERI is The Education Resource Institute ("TERI"), guarantor of Golden's $7,103 loan.

consolidated brief addressing all three cases (*see* 25-mc-02069, ECF No. 2; Order dated 5/29/2025; ECF No. 4 ("App. Opp'n")), and defendants replied (25-mc-02069, ECF No. 5; 25-mc-02070, ECF No. 4; 25-mc-02071, ECF No. 4). Defendants filed an initial motion to stay the preliminary injunction pending their appeals in this Court, which the Bankruptcy Court denied. *In re Golden*, 671 B.R. 638, 667 (Bankr. E.D.N.Y. 2025). PHEAA then filed a motion to stay the preliminary injunction with this Court on August 8, 2025. (25-mc-02069, ECF No. 12). The Trusts joined (25-mc-02071, ECF No. 10), and Golden opposed (25-mc-02069 ECF No. 15).

Separately, on July 22, 2025, Golden filed a motion in Bankruptcy Court to hold PHEAA in contempt of the May 7, 2025 Order enjoining collection on loans as specified, which the Bankruptcy Court granted in part on October 8, 2025. *Golden*, 17-01005-ess, ECF No. 782; (*see also* October 8, 2025 Order). The contempt order expanded the preliminary injunction to include not only loans that PHEAA had determined were above the cost of attendance, but also those "for which PHEAA is not able presently to determine that a loan, together with other scholarships, loans and grants, does not exceed the cost of attendance." (*See* 25-cv-05849, ECF No. 1 at 5). That Order prompted PHEAA to file an amended motion for leave to appeal with this Court to include not only the May 7, 2025, preliminary injunction, but also the October 8, 2025 Order. (25-cv-05849, ECF Nos. 1, 5 ("PHEAA Am. App. Mem.")). Golden opposed (25-cv-05849, ECF No. 8 ("Am. App. Opp'n.")).

## **LEGAL STANDARD**

District courts have jurisdiction to grant leave to hear interlocutory appeals from bankruptcy courts. 28 U.S.C. § 158(a)(3); *In re Kassover*, 242 F.3d 91, 94 (2d Cir. 2003).

To decide whether to grant leave to appeal, the district court applies the test for certifying appellate review outlined in 28 U.S.C. § 1292(b). *See In re Kassover*, 343 F.3d at 95–96 (explaining the district court's standard of review of a bankruptcy court's non-final order). This test requires the bankruptcy order at issue to involve (1) a controlling question of law (2) as to which there is a substantial ground for difference of opinion and (3) that an immediate appeal from the order may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b); *Casey v. Long Island R.R. Co.*, 406 F.3d 142, 146 (2d Cir. 2005); *Solis v. Kirschenbaum*, No. 12-MC-608 (SJF), 2013 WL 1451980, at *4 (E.D.N.Y. Apr. 9, 2013). While section 1292(b) "was designed as a means to make an interlocutory appeal available, it is a rare exception to the final judgment rule that generally prohibits piecemeal appeals." *Koehler v. Bank of Bermuda Ltd.*, 101 F.3d 863, 865 (2d Cir.1996). Accordingly, the movant bears the burden to meet all three elements, and even if they are met, granting leave is ultimately at the court's discretion. *Solis*, 2013 WL 1451980, at *4; *see also Kumaran v. Nat'l Futures Ass'n*, No. 20 Civ. 3668 (GHW), 2023 WL 3160116, at *3 (S.D.N.Y. Apr. 28, 2023) (citing *In re Kassover*, 343 F.3d 91, 94 (2d Cir. 2003)).

Section 1292(b) also permits a district court to certify an interlocutory appeal to the Circuit on those same grounds. *United States ex rel. Quartararo v. Cath. Health Sys. of Long Island Inc.*, 521 F. Supp. 3d 265, 277 (E.D.N.Y. 2021). When a question meets the requirements of 1292(b) and "involves a new legal question or is of special consequence, then the district court should not hesitate to certify an interlocutory appeal." *Balintulo v. Daimler AG*, 727 F.3d 174, 186 (2d Cir. 2013) (quoting *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 111 (2009)) (quotation marks omitted). The district court may do so *sua*

*sponte*. *Chavez v. Occidental Chem. Corp.*, 300 F. Supp. 3d 517, 537 (S.D.N.Y. 2018), *vacated and remanded on other grounds*, 8 F.4th 91 (2d Cir. 2021).

In the bankruptcy context, 28 U.S.C. § 158(d)(2)(B)(i) allows circuit courts to hear a final or interlocutory appeal of a bankruptcy court order "if the bankruptcy court, the district court, or the bankruptcy appellate panel . . . on its own motion or the request of a party" certifies that one or more of the following circumstances exists: (1) "the judgment, order, or decree involves a question of law as to which there is no controlling decision of the court of appeals for the circuit or of the Supreme Court of the United States, or involves a matter of public importance"; (2) "the judgment, order, or decree involves a question of law requiring resolution of conflicting decisions"; or (3) "an immediate appeal from the judgment, order, or decree may materially advance the progress of the case or proceeding in which the appeal is taken." *U.S. Dep't of Treasury, Internal Revenue Serv. v. Goebel*, No. 24-MC-1328 (DLI), 2024 WL 3718660, at *2 (E.D.N.Y. Aug. 8, 2024); 28 U.S.C. § 158(d)(2)(A), (B). In such cases, a lower court shall so certify if any of the three criteria are met.  28 U.S.C. § 158(d)(2)(B).

## **DISCUSSION**

PHEAA[5] contends that it meets the requirements of section 1292(b) because (1) the Bankruptcy Court erroneously applied Rule 19(a)(1)(A) by failing to determine whether the other 258 loan owners—as opposed to loan servicers—of putative class

---

[5] As noted *supra*, defendants' respective arguments overlap substantially.  For readability, the Court refers only to PHEAA in its analysis, but the analysis and decisions herein apply with equal force to all defendants.

members' loans are necessary parties; (2) erroneously granted a preliminary injunction for a putative class outside of its civil contempt authority, (PHEAA App. Mem. at 333); and (3) impermissibly placed the burden of proof on defendants when it further enjoined them from collecting payments on loans for which they sought, but did not find, evidence of those loans exceeding cost of attendance (PHEAA Am. App. Mem. at 138–39). Golden argues that PHEAA's issues for appeal do not meet section 1292(b) criteria because she and the putative class now seek only declaratory, rather than contempt, relief (App. Opp'n at 25–26), and nothing about this determination implicates pure questions of law or "substantial ground for difference of opinion as to the question within this Circuit" (App. Opp'n at 31–32; *see also* Am. App. Opp'n at 12–13).

Particularly on the question of whether the Bankruptcy Court had authority to grant, and later expand, the preliminary injunction for a purported declaratory relief class, the Court agrees with PHEAA that such a question satisfies all three elements of 28 U.S.C. § 1292(b).

In determining that a "bankruptcy court's civil contempt authority does not extend to other bankruptcy courts' discharge orders in a nationwide class action," *Bruce*, 75 F.4th at 306, the Circuit also footnoted what it was not deciding: namely, "[w]hether and to what extent relief short of contempt sanctions is available in the case of a discharge violation for which a fair ground of doubt remains is a question for another day," *id.* n.9. Accordingly, the Bankruptcy Court noted that *Bruce* required Golden to narrow the relief she seeks. *In re Golden*, 671 B.R. 544, 565 ("Ms. Golden now acknowledges that, in light of *Bruce*, her 'contempt-based national class claims are no longer viable.'").

8

*Bruce*'s "another day" may be now. This case, along with subsequent bankruptcy decisions in *Bruce*, and at least one other bankruptcy case, *In re Anderson*, have grappled with how to distinguish declaratory relief relative to violations of discharge orders, and what kinds of class actions are permissible in bankruptcy court, if not contempt classes. *See In re Bruce*, No. 13-22088-dsj, 2026 WL 202313 (Bankr. S.D.N.Y. Jan. 26, 2026) (now certified for direct appeal to the Circuit, *see In re: Bruce*, No. 13-22088-dsj, 2026 WL 643044 (Bankr. S.D.N.Y. Mar. 6, 2026) and separately appealed to district court); *In re Anderson*, 673 B.R. 535 (Bankr. S.D.N.Y. 2025) (currently on appeal in district court, *see Credit One Bank, N.A. v. Anderson*, No. 25-cv-08837 (PMH) (S.D.N.Y.), ECF No. 3).[6]

Bankruptcy judges in *Golden*, *Bruce*, and *Anderson* have permitted claims for declaratory relief—along with putative classes claiming such relief—to move forward. *See In re Golden*, 671 B.R. 544; *In re Bruce*, No. 13-22088-dsj, 2026 WL 202313; *In re Anderson*, 673 B.R. 535. Acknowledging their reasoning, the Court assumes, but does not decide, that such avenues *could* exist unless the Circuit instructs otherwise. But as the *Bruce* bankruptcy court attests, there remains an "unsettled nature and novelty of some of the controlling issues . . .". 2026 WL 202313 at *3; 2026 WL 643044 at *1.

As an issue of first impression for the Circuit, this satisfies the requirements for leave to appeal under section 1292: it involves a controlling question of law for which there is grounds for difference of opinion, *Quartararo*, 521 F. Supp. 3d at 277 ("A substantial ground for a difference of opinion may exist when (1) there is conflicting

---

[6] Of note, plaintiffs in *Golden*, *Bruce*, and *Anderson* are represented by the same firm, and the parties have filed cross-referencing letters in each case.

authority on the issue, or (2) the issue is particularly difficult and of first impression for the Second Circuit.") (quotations and citation omitted), and an answer would materially advance this case, if not others, by clarifying whether plaintiffs may pursue a declaratory class in bankruptcy court. Accordingly, the Court joins the *Bruce* bankruptcy court in certifying a similar issue to the Circuit.

For the same reasons, pursuant to 28 U.S.C. § 158(d)(2)(A)–(B), the Bankruptcy Court's preliminary injunction "involves a question of law as to which there is no controlling decision of the court of appeals for the circuit or of the Supreme Court of the United States" and also "involves a matter of public importance" for this and other putative bankruptcy classes. Additionally, certification of an appeal may "materially advance the progress of [this] case" with respect to ultimate class certification and available relief. 28 U.S.C. § 158(d)(2)(A)(iii). The Court is therefore compelled to deny the motions for leave to appeal without prejudice and instead certify the question to the Circuit. *See Goebel*, 2024 WL 3718660, at *1.

**CONCLUSION**

For the reasons set forth above, the Court DENIES defendants' motions for leave to appeal (25-mc-02069, ECF No. 1; 25-mc-02070, ECF No. 1; 25-mc-02071, ECF No. 1; 25-cv-05849, ECF No. 1-1), and the motion to stay is denied as moot (25-mc-02069, ECF No. 12). The Court certifies the Bankruptcy Court's May 7, 2025 and October 8, 2025 Orders for interlocutory appeal to the Second Circuit Court of Appeals pursuant to both 28 U.S.C. § 1292(b) and 28 U.S.C. § 158(d)(2)(A)–(B), and "[t]he parties may supplement the certification with a short statement of the basis for the certification," 28 U.S.C. § 158(d)(2)(C).

10

The motions for leave to appeal are denied without prejudice to renewal should the Second Circuit decline to accept the direct appeal. The Clerk of Court is respectfully directed to transmit a copy of this Order to the Second Circuit, file this Order in all four cases, and close all four cases. Should the Court of Appeals decline to accept the appeals, the parties may move to reopen the cases in this Court.

SO ORDERED.


/s/ Ramón E. Reyes, Jr.
_____

RAMÓN E. REYES, JR.
United States District Judge

Dated: March 31, 2026
        Brooklyn, New York

11